## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMON CLARK, <br> # K-03716 <br> <br> Plaintiff, <br> <br> vs. <br> <br> WEXFORD HEALTH SOURCES, INC., <br> DR. SHAH, <br> DR. SANTOS, <br> DR. GARCIA, <br> LISA KREBS, <br> DEBORAH S. ZELASKO, <br> ROBERT MUELLER, <br> CHRISTINE BROWN, <br> SHERRY BENTON, <br> and JOHN DOE, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 16−cv–01266−MJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Ramon Clark, an inmate who is currently in the custody of the Illinois Department of Corrections ("IDOC"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Pinckneyville Correctional Center ("Pinckneyville") and Centralia Correctional Center ("Centralia"). (Doc. 1). In the Complaint, Plaintiff claims that he was denied adequate medical care for a testicular mass at both facilities. His condition was neither properly diagnosed nor treated. (Doc. 1, pp. 3-11). As a result, he suffered from unnecessary pain. Plaintiff now sues Wexford Health Sources, Inc. ("Wexford"), his prison doctors (Shah, Santos, Garcia, and Doe), and several supervisory officials (Mueller, Krebs, Zelasko, Brown, and Benton) for violations of his rights under the Eighth Amendment.

1

*Id*.  Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief against them. (Doc. 1, pp. 10-11).

## Merits Review Pursuant to 28 U.S.C. § 1915A

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Plaintiff's Complaint is subject to further review under this standard.

## Complaint

Plaintiff alleges that he was denied proper medical treatment for a lump in his left testicle at Pinckneyville and Centralia in 2015-16. (Doc. 1, pp. 3-11). Medical providers at both facilities recommended an ultrasound. *Id*. However, Wexford would not approve the test. *Id*. Consequently, the mass in Plaintiff's left testicle was never properly diagnosed or treated and resulted in significant, persistent pain. *Id*.

**1.     Pinckneyville**

During his incarceration at Pinckneyville, Plaintiff developed a painful mass in his left testicle. (Doc. 1, pp. 3-4). He notified medical staff about the condition and requested testing to properly diagnose it. (Doc. 1, p. 3). Plaintiff wanted to rule out the possibility of cancer.

In response, Nurse Practitioner Angel Rector performed a manual examination and confirmed the presence of a lump. *Id*. She recommended an ultrasound to properly diagnose his condition. *Id*. Plaintiff waited "weeks" for the ultrasound before learning that Wexford would not approve it. *Id*.

Without examining Plaintiff, an unidentified doctor ("John Doe") scheduled him for a follow-up appointment six months later. (Doc. 1, p. 3). Plaintiff met with the prison's "crisis team" and was scheduled for an earlier appointment with the same doctor. (Doc. 1, pp. 3-4). Doctor Doe met with Plaintiff and, like the nurse practitioner, discovered a mass in his left testicle during a manual examination. Doctor Doe opined that the mass "might be [e]pididymitis,"[1] but it was probably not testicular cancer. (Doc. 1, p. 4). Doctor Doe decided that no treatment was necessary. *Id*. Plaintiff was instead scheduled for a follow-up appointment six months later. *Id*.

Plaintiff filed an emergency grievance with Warden Jacqueline Lashbrook. (Doc. 1, p. 4). In the grievance, he described the denial of medical care for his condition in detail. The warden "ordered that the grievance be expedited." *Id*. However, it was eventually denied by an unidentified grievance officer, Warden Lashbrook, and Administrative Review Board ("ARB") Member Sherry Benton. (Doc. 1, pp. 3-4). Before attending his follow-up appointment at Pinckneyville, Plaintiff transferred to Centralia on May 4, 2016. *Id*.

**2.    Centralia**

Within days of his arrival at the prison, he notified medical staff about his testicular mass. (Doc. 1, p. 4). Doctor Shah examined Plaintiff on May 8, 2016. *Id*. After performing still another manual examination, the doctor confirmed the presence of a mass in Plaintiff's left testicle. (Doc. 1, pp. 4-5). Doctor Shah then stated, "You were recently seen by the doctor at Pinckneyville and he recommended that you be examined in six months so get out of here." (Doc. 1, p. 5). Doctor Shah also denied Plaintiff's request for pain medication. *Id*.

---

[1] Epididymitis is swelling of the tube, known as the epididymis, connecting the testicle with the vas deferens. The most common cause of the condition is a bacterial infection that spreads from the urethra, prostate, or bladder. (Doc. 1-1, p. 1). *See also* https://medlineplus.gov/ency/article/001279.htm.

Plaintiff filed an emergency grievance with Warden Mueller the same day.  (Doc. 1, p. 5).  Warden Mueller ordered that the grievance be expedited.  *Id*.  After investigating the matter, Grievance Officer Zelasko concluded that Plaintiff's "medical concerns [we]re being addressed by the facility's healthcare staff."  *Id*.  The emergency grievance was denied on May 19, 2016, by Zelasko and Mueller.  *Id*.

Plaintiff informed Centralia's medical staff that the mass was causing pain that radiated from his left testicle through his left leg.  (Doc. 1, p. 5).  He was scheduled to meet with Doctor Santos, who confirmed the presence of a mass in Plaintiff's left testicle by performing a manual examination.  *Id*.  The doctor agreed that the mass was likely epididymitis and required no treatment.  *Id*.  When Plaintiff complained of tenderness and pain, Doctor Santos recommended masturbation instead of pain medication.  *Id*.

Plaintiff filed another emergency grievance with Warden Mueller on August 11, 2016.  (Doc. 1, p. 6).  The warden again ordered that the grievance be expedited.  *Id*.  While the grievance was being processed, Plaintiff informed medical staff that he was still experiencing severe pain.  *Id*.  In response to this complaint, Doctor Garcia examined Plaintiff on August 17, 2016.  *Id*.  The doctor suspected an infection and prescribed Plaintiff Levofloxacin (500 mg), an antibiotic used to treat a variety a bacterial infections.  *Id*.  He also ordered a follow-up ultrasound, in the event the antibiotic proved to be ineffective.  *Id*.

The antibiotic did nothing to stop Plaintiff's pain, and he again met with Doctor Santos to discuss his condition.  When Plaintiff reported that the antibiotic was ineffective, the doctor said, "I know it didn't [work,] and I don't know why he (Dr. Garcia) gave that to you."  (Doc. 1, p. 6).  Plaintiff explained that the size of the lump and associated pain fluctuate.  *Id*.  Doctor Santos

indicated that he was ordering an ultrasound because he did not think the condition was epididymitis. *Id*.

In the meantime, Plaintiff's second emergency grievance was denied by Mueller and Zelasko on August 24, 2016. (Doc. 1, p. 7). They concluded that there was "[n]o need for an outside referral at this time." *Id*.

When Plaintiff met with Doctor Santos on September 20, 2016, he learned that Wexford denied the doctor's request for an ultrasound. *Id*. However, Doctor Santos assured Plaintiff that he was under "close watch" and would be scheduled for another follow-up appointment with the doctor in six months. *Id*. When Plaintiff asked Doctor Santos for pain medication, the doctor refused to provide any and again recommended masturbation as an alternative to pain medication. *Id*.

Days later, Plaintiff submitted offender request slips to Warden Mueller, Health Care Administrator Krebs, and Assistant Warden Stephanie Waggoner. *Id*. Waggoner met with Krebs and learned about Wexford's decision to deny the ultrasound. *Id*. Krebs recommended that Plaintiff "meet with the doctors and report changes or file a grievance." *Id*. Based on his past experience, Plaintiff knew that this would result in no additional medical treatment. *Id*.

Plaintiff nevertheless met with Doctor Santos again on October 6, 2016. (Doc. 1, p. 8). Plaintiff informed the doctor of "complications." *Id*. After performing still another manual examination, Doctor Santos informed Plaintiff that he had no plans to do anything more, unless Plaintiff's left testicle became swollen or infected. *Id*.

Plaintiff continued to suffer from what he describes as "extreme levels of pain, discomfort, [and] tenderness to the point that he cannot rub against nothing." (Doc. 1, p. 8). The pain causes sleeplessness and low energy levels. *Id*.

Plaintiff claims that the delay and/or denial of adequate medical treatment for his testicular mass amounts to deliberate indifference, in violation of the Eighth Amendment, on the part of Doctor Doe, Shah, Santos, and Garcia. (Doc. 1, p. 9). Wexford's denial of three doctors' requests for an ultrasound of Plaintiff's left testicle likewise amounts to deliberate indifference to a serious medical need in violation of the Eighth Amendment. (Doc. 1, p. 8). Finally, Mueller, Krebs, Zalesko, and Benton's failure to intervene and ensure adequate medical care in response to Plaintiff's detailed grievances also violates his rights under the Eighth Amendment. (Doc. 1, p. 10). In connection with these claims, Plaintiff seeks declaratory judgment and monetary damages. (Doc. 1, pp. 10-11). He also seeks injunctive relief in the form of "adequate treatment for his medical condition," but he makes no request for a temporary restraining order ("TRO") or preliminary injunction. (Doc. 1, p. 11).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to reorganize the claims in Plaintiff's *pro se* Complaint into the following counts:

**Count 1 -**   Plaintiff's doctors (Doe, Shah, Santos, and Garcia) exhibited deliberate indifference to his testicular mass in violation of the Eighth Amendment, when they failed to properly diagnose and/or treat his testicular mass and associated pain.

**Count 2 -**   Wexford exhibited deliberate indifference to Plaintiff's testicular mass in violation of the Eighth Amendment, by repeatedly denying his doctors' requests for an ultrasound.

**Count 3 -**   The supervisory defendants (Mueller, Krebs, Zalesko, and Benton) failed to ensure adequate medical treatment for Plaintiff's testicular mass in violation of the Eighth Amendment, in response to his detailed grievances complaining about the denial of adequate medical care for the mass and pain.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merits.

Counts 1, 2, and 3 shall receive further review against those defendants who are named above in connection with each claim and no other defendants.  Deliberate indifference to serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).  To state an Eighth Amendment claim, the plaintiff must show that he suffered from a serious medical need (an objective standard) and that state officials acted with deliberate indifference to his medical need (a subjective standard).  *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The allegations in the Complaint satisfy the objective component of this claim for screening purposes.  Plaintiff complains of a mass in his left testicle that resulted in persistent and severe pain.  The Seventh Circuit has recognized that testicular growths and pain may constitute a serious medical need.  *See Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Further, "chronic and substantial pain" is indicative of a serious medical need.  *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).  The Complaint suggests that Plaintiff's medical need was serious under this standard.

The Complaint must also suggest that the defendants responded to Plaintiff's serious medical need with deliberate indifference.  This requirement is satisfied where a plaintiff alleges that a defendant's responses were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs.  *Hayes*, 546 F.3d at 524 (citations omitted).  However, Plaintiff is not required to show that his complaints were "literally ignored."

7

*Sherrod*, 223 F.3d at 611.  The allegations in the Complaint suggest that each of the defendants may have responded with deliberate indifference to Plaintiff's testicular mass and associated complaints of pain.  Accordingly, Count 1 is subject to further review against the doctors (Doe, Shah, Santos, and Garcia), Count 2 is subject to further review against Wexford, and Count 3 is subject to further review against the supervisory officials (Mueller, Krebs, Zalesko, and Benton).

Defendant Christine Brown is dismissed without prejudice from this action.  Plaintiff does not include any allegations against this defendant in his statement of claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Therefore, he cannot proceed with any claims against Brown.

Likewise, Plaintiff cannot proceed with any claims against Angel Rector, Jacqueline Lashbrook, or Stephanie Waggoner.  He does not name these individuals as defendants in this action.  When parties are not listed in the case caption, the Court will not treat them as parties to the action.  Any claims against them are considered dismissed without prejudice.  *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption").  Accordingly, any claims against these individuals are considered dismissed without prejudice.

**Interim Relief**

Plaintiff generally seeks injunctive relief, in the form of appropriate medical care and treatment for his condition.  (Doc. 1, p. 11).  However, the Complaint lacks any request for emergency relief, such as a TRO or preliminary injunction.  If Plaintiff believes that more immediate relief is necessary, he may file a separate motion seeking a TRO or a preliminary

8

injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. He is free to do so at any time during the pending action.

### Identification of Doe Defendant

Plaintiff will be allowed to proceed with his Eighth Amendment claim against Doctor John Doe, the unknown doctor who allegedly denied Plaintiff adequate medical care for his testicular mass at Pinckneyville. While it is within the Court's discretion to allow Plaintiff to proceed against an unknown defendant, the use of fictitious names is generally frowned upon. *See K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997). This party cannot be served with process or respond to the Complaint until he is identified. Therefore, Plaintiff will be required to identify Doctor John Doe with specificity, in order to pursue his claim against this defendant. Plaintiff may use the discovery process to identify this defendant. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

The Warden of Pinckneyville shall be added as a defendant, in his or her official capacity only, for the sole purpose of responding to discovery requests, formal or otherwise, aimed at identifying this unknown party. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of Doctor John Doe is discovered, Plaintiff shall file a motion seeking substitution of this newly identified defendant in place of the generic designation for Doctor John Doe in the case caption and throughout the Complaint.

### Disposition

The Clerk is directed to **ADD** as a defendant in CM/ECF the **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER**, in his or her official capacity only, and this defendant shall be responsible for promptly responding to Plaintiff's discovery aimed at identifying Doctor John Doe with specificity.

**IT IS HEREBY ORDERED** that Defendant **CHRISTINE BROWN** is **DISMISSED** without prejudice from this action because the Complaint fails to state a claim for relief against this defendant.

**IT IS ORDERED** that **COUNTS 1**, **2,** and **3** are subject to further review against those defendants named in connection with each count. The claims are considered **DISMISSED** with prejudice against all other defendants for failure to state a claim upon which relief may granted.

With respect to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for Defendants **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER (official capacity only), WEXFORD HEALTH SOURCES, INC., DOCTOR DOE (once identified), DOCTOR SHAH, DOCTOR SANTOS, DOCTOR GARCIA, LISA KREBS, DEBORAH ZELASKO, ROBERT MUELLER**, and **SHERRY BENTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Service shall not be made on the Unknown Defendant (Doctor John Doe) until such time as Plaintiff has identified him by name in a properly filed motion for substitution.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including the implementation of a plan for discovery aimed at identifying the unknown defendant, Doctor John Doe.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 9, 2017**

**s/ MICHAEL J. REAGAN**
**U.S. Chief District Judge**