# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMON CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-1266-MJR-SCW |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DR. SHAH, DR. SANTOS, DR. GARCIA, | ) |
| LISA CREBS, DEBORAH ZELASKO, | ) |
| ROBERT MUELLER, SHERRY BENTON, | ) |
| MICHAEL D. SCOTT, and | ) |
| WARDEN OF PINCKNEYVILLE | ) |
| CORRECTIONCAL CENTER | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

On November 21, 2016, Plaintiff Ramon Clark filed suit alleging Eighth Amendment deliberate indifference claims against Defendants. On April 10, 2017, Clark filed a motion for temporary restraining order and a preliminary injunction (Doc. 36). Defendants filed responses on April 24, 2017 (Docs. 37, 38), and Clark replied on May 1, 2017 (Doc. 39). Magistrate Judge Stephen C. Williams held an evidentiary hearing on September 22, 2017, and later ordered supplemental briefing by the parties. Following the supplemental briefing, Judge Williams issued a report and recommendation (Doc. 118) recommending that the undersigned deny Clark's motion. Clark timely filed objections (Doc. 122) to which Defendants responded (Doc. 123).

Timely objections having been filed, the Court undertakes *de novo* review of the

1

portions to the Report to which Plaintiff specifically objected. **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b).** The undersigned can accept, reject, or modify Magistrate Judge Williams' recommendations, receive further evidence, or recommit the matter with instructions. *Id.* For the reasons stated below, the Court **ADOPTS** Magistrate Judge Williams' recommendations and **DENIES** Clark's motion for a temporary restraining order and for a preliminary injunction.

## BACKGROUND

As narrowed by the Court's threshold order (Doc. 5), Clark alleges that he was denied proper medical care for mass on his left testicle while incarcerated at both Pinckneyville Correctional Center and Centralia Correctional Center. While at Pinckneyville, Clark first complained about what he described as a painful mass on his left testicle. He notified medical staff to request a diagnosis. He met with a nurse who confirmed that there was a lump and who recommended an ultrasound. Wexford, however, did not approve the ultrasound. A doctor, identified as John Doe, scheduled Clark for a follow-up appointment. At the appointment, the John Doe doctor identified the mass and noted that it might be epididymitis, which is a swelling of the tube that connects the testicle with the vas deferens, and that it was not cancerous. The doctor determined that treatment was not necessary and scheduled Clark for a follow-up appointment. On May 4, 2016, before the appointment, Clark was transferred to Centralia Correctional Center.

Clark notified the medical staff at Centralia about the mass and saw Dr. Shah on May 8, 2016. Shah denied a request by Clark for pain medication and scheduled another

2

follow-up appointment. Clark filed an emergency grievance regarding what he viewed as a lack of medical care. The grievance was expedited, but the grievance officer concluded that Clark's medical condition was being addressed by the medical staff.

After his grievance was denied, Clark notified the medical staff that he was having radiating pain through his left leg due to the mass. He met with Dr. Santos, who confirmed that the mass was present and also identified it as epididymitis. As a result, he prescribed no treatment, recommending that Clark masturbate to alleviate the pain and tenderness. On August 17, 2016, Clark again complained about pain and was seen by Dr. Garcia, who suspected that Clark had an infection. Dr. Garcia prescribed an antibiotic and scheduled a follow-up ultrasound if the antibiotic did not work.

According to Clark, the antibiotic was ineffective, so he went to see Dr. Santos again about his pain. Dr. Santos allegedly told Clark that he did not know why Dr. Garcia had prescribed an antibiotic or ordered an ultrasound. On September 20, 2016, Clark saw Dr. Santos again and learned that Wexford denied the request for an ultrasound. Santos refused Clark's request for pain medication that day and again on October 6, 2016, prompting Clark to file suit alleging deliberate indifference to his medical needs.

Since filing suit, Clark has continued to be seen by Dr. Santos and Dr. Garcia. In January 2017, Dr. Santos gave Clark 200 mg of ibuprofen for his pain. On January 25, 2017, Dr. Garcia prescribed additional ibuprofen and a muscle relaxer. He also scheduled an ultrasound. Clark received an ultrasound on February 9, 2017. He learned that he did not have cancer but did have a benign cyst from Dr. Santos on February 17,

2017. After his diagnosis, however, Clark maintains that the medical staff refuses to adequately treat his pain. Defendants counter that Clark has a small epididymal cyst measuring approximately 6mm. They are monitoring his condition for changes, but the cysts are typically painless and require no medical treatment, except in rare cases when they increase in size or decrease blood flow to the penis. As no complications have been identified through monitoring, Defendants posit that removal is unnecessary at this time.

## LEGAL STANDARDS

As the review of the motion for temporary restraining order and preliminary injunction is *de novo*, the Court conducts an "independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion," and "is free, and encouraged, to consider all of the available information about the case when making this independent decision." *Mendez v. Republic Bank*, **725 F.3d 651, 661 (7th Cir. 2013).**

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, **520 U.S. 968, 972 (1997)(emphasis in original).** *Accord Winter v. Natural Res. Def. Council, Inc.*, **555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right")(citation omitted).** To secure a preliminary injunction, the movant must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary

4

injunction would inflict on defendants, and (4) that the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010)(citing *Winter*, 555 U.S. at 20). The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge*, 612 F.3d at 546. (citation omitted)

In the context of prisoner litigation, there are further restrictions on courts' remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). *See also Westefer*, 682 F.3d at 683 ("[T]he PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage.")(internal quotation marks and citation omitted).

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.* (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978); and *W.A. Mack, Inc. v. Gen. Motors Corp.*, 260

5

**F.2d 886, 890 (7th Cir. 1958)).**

## ANALYSIS

To show that he has a likelihood of success on the merits of his Eighth Amendment claim, Clark must show that Defendants were deliberately indifferent to his serious medical needs. *Greeno v. Daley*, **414 F.3d 645, 652-53 (7th Cir. 2005) (quoting** *Estelle v. Gamble*, **429 U.S. 97, 104 (1976) (internal quotation marks omitted)).** "Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.*, **577 F.3d 816, 828 (7th Cir. 2009).** A prisoner is entitled to "reasonable measures to meet a substantial risk of serious harm"—not to demand specific care. *Forbes v. Edgar*, **112 F.3d 262, 267 (7th Cir. 1997).**

In order to prevail on a claim of deliberate indifference, a prisoner who brings an Eighth Amendment challenge of constitutionally-deficient medical care must satisfy a two-part test. *Arnett v. Webster*, **658 F.3d 742, 750 (7th Cir. 2011) (citing** *Johnson v. Snyder*, **444 F.3d 579, 584 (7th Cir. 2006)).** The first consideration is whether the prisoner has an "objectively serious medical condition." *Arnett*, **658 F.3d at 750.** *Accord Greeno*, **414 F.3d at 653.** "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Hammond v. Rector*, **123 F. Supp. 3d 1076, 1084 (S.D. Ill. 2015) (citing** *Pyles v. Fahim*, **771 F.3d 403, 409 (7th Cir.2014)).** It is not necessary for such a medical condition to "be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gayton v.*

*McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). *Accord Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (violating the Eighth Amendment requires "deliberate indifference to a *substantial* risk of *serious* harm") ((internal quotation marks omitted) (emphasis added).

Prevailing on the subjective prong requires a prisoner to show that a prison official has subjective knowledge of—and then disregards—an excessive risk to inmate health. *Id.* at 653. The plaintiff need not show the individual "literally ignored" his complaint, but that the individual was aware of the condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). "Something more than negligence or even malpractice is required" to prove deliberate indifference. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014); *see also Hammond v. Rector*, 123 F. Supp. 3d 1076, 1086 (S.D. Ill. 2015) ("isolated occurrences of deficient medical treatment are generally insufficient to establish . . . deliberate indifference").

Clark first asks the Court to consider a portion of an expert report from unrelated litigation, *Lippert v. Godinez*, N.D. Ill. Case No. 10-cv-4603, as evidence that he is not being treated appropriately. This report is irrelevant to his claims. The *Lippert* plaintiff had additional symptoms that have not manifested in Clark, and consideration of an expert report related to another person's injury is wholly irrelevant to whether Clark is likely to succeed on his deliberate indifference claims.

Clark argues in his objections that he has been seeking treatment, and complaining about his treatment, for over two years and that a lay person would recognize his medical needs as serious. The report & recommendation acknowledges

7

that Clark has an objectively serious medical condition, however, so, to the extent that Clark argues that it does not, his objections are overruled.

Clark next challenges the finding that he has not put forth sufficient evidence at this time to satisfy the subjective prong and, as a result, cannot demonstrate a likelihood of success on the merits. There is no evidence in the record that demonstrates that Defendants, aware of Clark's medical condition, knowingly or recklessly disregarded caring for it. The medical records indicate that Clark is being treated for his pain and that Defendants are seeking out the cause of the pain. Defendants have tried different courses of treatment, including antibiotics and pain medications, with the goal of alleviating Clark's pain. They are monitoring his cyst for complications that may require additional treatment. The record indicates that Defendants are not disregarding Clark's medical needs and the evidence shows that Clark cannot satisfy the subjective prong of the deliberate indifference standard.

On February 20, 2018, Clark filed an additional motion in support of his pending preliminary injunction motion (Doc. 124) describing additional medical appointments with Defendants and complaining about his care. The motion is untimely and unnecessary, and, at best, it further evidences that Defendants are continuing to treat Clark's medical needs. Accordingly, the undersigned finds that Clark has not met his burden of establishing that he has a likelihood of success on the merits. Clark's objections to the report & recommendation are **OVERRULED**, and the motion in support of the pending preliminary injunction motion is **DENIED**.

## OBJECTION TO ORDER DENYING MOTION TO ISSUE ORDER

In his objection to the report & recommendation, Clark raises an objection to the non-dispositive order denying his motion to issue order (Doc. 115). The Court must consider Plaintiff's timely objections to a non-dispositive order and "modify or set aside any part of the order that is clearly erroneous or contrary to law." **Fed. R. Civ. P. 72(a);** *Hall v. Norfolk Southern Railway Co.*, **469 F.3d 590, 594-95 (7th Cir. 2006).** Under the clear error standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.* **126 F.3d 926, 943 (7th Cir. 1997).**

Clark fails to establish that any part of the order issued by Judge Williams is clearly erroneous or contrary to law. Clark requested that Judge Williams issue an order directing Defendants to produce legible medical records that relate to a response to a request for admissions made by Defendant Garcia regarding a November 8, 2017, encounter. Judge Williams found that there was no evidence suggesting that Garcia's response to Clark's request misrepresented the November 8th examination and that, although the records were difficult to read, there was no basis for ordering Garcia to rewrite the medical records.

Clark's objection argues that the requested records are discoverable under Rule 26 and explains why he wants to see the records. Unfortunately, his arguments do not rise to the level of demonstrating that Judge Williams' order was clearly erroneous or contrary to law. Clark has received the information to which he is entitled, and it is neither clearly erroneous nor contrary to law to deny his request to have Defendant

9

Garcia re-draft legible records. Accordingly, this objection is **OVERRULED**.

## Conclusion

Following a *de nono* review, the undersigned finds that Plaintiff Ramon Clark has not made a clear showing that he is entitled to preliminary relief. Accordingly, his objections to the report and recommendation are **OVERRULED**. Additionally, Clark's objection to the order denying his motion to issue an order (Doc. 115) is **OVERRULED**. The Court **ADOPTS** the recommendations of Magistrate Judge Williams and **DENIES** Clark's motion for temporary restraining order and a preliminary injunction (Doc. 36) and his motion in support thereof (Doc. 115).

**IT IS SO ORDERED**.

DATED: March 29, 2018

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**