IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAMON CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-1266-MJR-MAB |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| VIPIN SHAH, | ) | |
| VENERIO SANTOS, | ) | |
| ARNEL GARCIA, | ) | |
| LISA KREBS, | ) | |
| DEBORAH ZELASKO | ) | |
| ROBERT MUELLER, | ) | |
| SHERRY BENTON, and | ) | |
| MICHAEL D. SCOTT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

On November 21, 2016, Plaintiff Ramon Clark filed suit pursuant to 42 U.S.C. § 1983 against Defendants, who are healthcare providers and prison officials at Pinckneyville Correctional Center ("Pinckneyville") and Centralia Correctional Center ("Centralia"), alleging that they were deliberately indifferent to his serious medical needs. Clark's claims relate to Defendants' alleged failure to provide adequate medical care and treatment relating to a testicular mass. (Docs. 1, 5).

Before the Court is Clark's motion for class certification and consolidation of the instant case with three other cases pending in this District: 17-cv-1135-MJR-GCS, *Sparky Jackson v. Venerio Santos, et al.*, 18-cv-254-NJR-MAB, *Vincent Miles v. Dr. Santos, et al.*, and 18-cv-1061-MJR-GCS, *Reynel Valencia v. Venerio Santos, et al.* (Doc. 135). Magistrate Judge

1

Mark A. Beatty issued a report & recommendation (Doc. 179, R&R) recommending that the undersigned deny Clark's motion. Judge Beatty's R&R came to two principle conclusions: (1) the Court should not exercise its discretion under Rule 42 to consolidate Clark's case with the other cases listed above because doing so would serve the interests of judicial economy, convenience, and avoiding delay and prejudice to the parties in the other cases; and (2) Clark's complaint, which was brought *pro se* and contains no class allegations or class definitions, combined with his motion for class certification, do not satisfy the requirements for class certification under Rule 23. (*Id.*).

Clark filed an objection to the report and recommendation, (Doc. 181), and Defendants followed with a response to Clark's objections. (Doc. 182). Timely objections having been filed, the Court undertakes *de novo* review of the portions to the Report to which Clark specifically objected. **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b).** The undersigned can accept, reject, or modify Magistrate Judge Beatty's recommendations, receive further evidence, or recommit the matter with instructions. *Id.* For the reasons stated below, the Court **OVERRULES** Clark's objection, **ADOPTS** Magistrate Judge Beatty's recommendations in their entirety, and **DENIES** Clark's motion for class certification and consolidation.

## BACKGROUND

In his complaint, Clark alleges that he was denied proper medical treatment for a lump in his left testicle while incarcerated at Pinckneyville and Centralia in 2015–16. Clark developed the lump while at Pinckneyville, notified medical staff of the lump, and requested testing to rule out the possibility of cancer. Clark alleges that Pinckneyville

2

medical staff recommended an ultrasound be performed to diagnose his condition, but that Defendant Wexford Health Sources, Inc. ("Wexford") would not approve it. Clark filed a grievance relating to this care while at Pinckneyville, but it was denied by the facility's chief administrator ("CAO") and ultimately the Administrative Review Board ("ARB").

Clark was then transferred to Centralia in May of 2016, and immediately informed medical staff about his testicular mass. However, medical staff at Centralia, including Defendants Shah, Garcia, and Santos, allegedly dismissed Clark's complaints of pain radiating from his left testicle and refused to provide Clark with pain medication. Although Defendants Garcia and Santos allegedly ordered ultrasounds on two separate occasions in August 2016, Wexford again refused to approve them. Clark alleges that the non-medical Defendants at Centralia wrongfully denied grievances he filed relating to his medical care and Wexford's denial of the ultrasounds, but that these grievances resulted in no additional medical treatment.

Clark's complaint, filed November 21, 2016, (Doc. 1), directs claims at the named Defendants relating solely to Clark's claims regarding his personal medical care at Pinckneyville and Centralia—the complaint contains no class allegations. Clark's motion for class certification and consolidation was filed on June 7, 2018, (Doc. 135), and the Defendants subsequently filed motions for summary judgment on September 28, 2018, (Docs. 145, 149), which have been fully briefed and separately awaiting a report and recommendation from Judge Beatty. Clark's motion contains class allegations that Defendant Santos "fail[ed] to provide adequate medical care" to "all prisoners at

3

Centralia" in violation of the Eighth Amendment. Clark seeks to certify a class on behalf of all prisoners in Centralia's custody with serious medical needs who received inadequate medical care from Defendant Santos.

## LEGAL STANDARDS

### I. Standards Governing the Court's Review

As the review of the motion for class certification is *de novo*, the Court conducts an "independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion," and "is free, and encouraged, to consider all of the available information about the case when making this independent decision." *Mendez v. Republic Bank*, **725 F.3d 651, 661 (7th Cir. 2013).**

However, the Court need only conduct a *de novo* review of objections made to specific portions of the report, findings, or recommendations made by a magistrate judge. **28 U.S.C. § 636(b)(1)(C) (A judge shall make a de novo determination of those <u>portions</u> of the report or <u>specified</u> proposed findings or recommendations to which objection is made.) (emphases added);** FED. R. CIV. P. 72(b); *Johnson v. Zema Sys. Corp.*, **170 F.3d 734, 741 (7th Cir. 1999) ("[A] litigant [must] specify each issue for which review [of an R&R] is sought[.]");** *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

### II. Class Certification Under Rule 23

To obtain class certification under Rule 23, a plaintiff must satisfy each requirement of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – as well as at least one subsection of Rule 23(b). *See Harper v. Sheriff of Cook County*, 581 F.3d 511, 513 (7th Cir. 2009); *Oshana v. Coca-Cola Co.*, 472 F.3d 506,

4

513 (7th Cir. 2006). A district court has "broad discretion to determine whether certification of a class is appropriate." *Retired Chicago Police Ass'n v. City of Chicago*, **7 F.3d 584, 596 (7th Cir. 1993)**. A plaintiff's failure to demonstrate <u>any one</u> of Rule 23(a)'s four prerequisites is fatal to class certification. *Kress v. CCA of Tenn., LLC*, **694 F.3d 890, 893 (7th Cir. 2012)**. Moreover, it is the putative class representatives that bear the burden of proving each disputed requirement by a preponderance of the evidence. *Messner v. Northshore Univ. HealthSystem*, **669 F.3d 802, 811 (7th Cir. 2012)**.

## ANALYSIS

As a preliminary matter, Clark specifically objected to Judge Beatty's recommendation to deny class certification, but did not specifically object to the recommendation to deny consolidation under Rule 42. (Doc. 181, pp. 2–3). As no objection was lodged against the R&R's recommendation to deny Clark's motion to consolidate under Rule 42, the undersigned need not conduct *de novo* review of that specific portion of the R&R. **28 U.S.C. § 636(b)(1)(C) (A judge shall make a de novo determination of those <u>portions</u> of the report or <u>specified</u> proposed findings or recommendations to which objection is made.) (emphases added); FED. R. CIV. P. 72(b)**; *Johnson*, **170 F.3d at 741.**

Clark has adequately objected to the portions of Judge Beatty's R&R relating to the recommended denial of Clark's motion for class certification. Clark argues that he has met Rule 23's typicality and commonality requirements, contrary Judge Beatty's conclusions. The Court need not reach the merits of those requirements, however, because upon independent review the record shows Clark has failed to meet the separate

5

requirement that Clark be able to "fairly and adequately protect the interests of the class," which alone is fatal to Clark's attempt to certify a class action. **FED. R. CIV. P. 23(a)(4).**

To successfully certify a class under Rule 23, Clark has an affirmative duty to establish, by a preponderance of the evidence, that he will fairly and adequately protect the interests of the proposed class. *Id.; Messner*, **669 F.3d at 811.** As noted by the Defendants in their response to Clark's motion, as well as Judge Beatty in his R&R, Clark has put forth absolutely no actual evidence of his adequacy as potential class representative, other his motion's conclusory recitation that "Clark will fairly and adequately represent the interest of the class. (Doc. 135, p. 6).

Further, a key consideration in determining if Clark can fairly and adequately represent the proposed class includes whether Clark's counsel is qualified, experienced, and generally able to conduct the proposed litigation. *See Rawson v. Sources Receivables Management, LLC*, **289 F.R.D. 267, 269 (citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992))**. Clark is not represented by counsel in this case, and admits that he personally "does not meet the qualified counsel requirement [of Rule 23.]" (Doc. 135, p. 6). The fact that Clark is *pro se*, and has not made an effort to secure class counsel, is a "sound reason for denying class certification" and concluding that Clark may not adequately and fairly represent the interests of the class. *Goodvine v. Meisner*, **608 Fed. Appx. 415, 417 (7th Cir. 2015) (*cited with approval by Howard v. Pollard*, 814 F.3d 476, 478 n. 1 (7th Cir. 2015)).**

Even if the Court construes Clark's motion as a separate motion for recruitment of counsel, that request fails. While a district court "may request an attorney to represent

6

any person unable to afford counsel," **28 U.S.C. § 1915(e)(1)**, there is no constitutional or statutory right to counsel for a civil litigant. *Stroe v. Immigration and Naturalization Services*, **256 F.3d 498, 500 (7th Cir. 2001);** *Zarnes v. Rhodes*, **64 F.3d 285, 288 (7th Cir. 1995).** Recruitment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, **503 F.3d 647, 654 (7th Cir. 2007) (citing** *Johnson v. Doughty*, **433 F.3d 1001, 1006 (7th Cir. 2006))**.

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent Clark made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, **503 F.3d at 654 (citing** *Farmer v. Haas*, **990 F.2d 319, 321-22 (7th Cir. 1993))**. The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, **503 F.3d at 655.**

Clark has plainly failed to meet the threshold required to be appointed counsel, because he has not demonstrated that he "made a reasonable attempt to obtain counsel[,] or [has] been effectively precluded from doing so." *Id.* **at 654**. There is no separate motion for recruitment of counsel pending on the Court's docket for this matter, nor did Clark even attempt to establish that he has made a reasonable attempt to obtain counsel in the present motion before the Court. Clark only mentions his desire that "th[e] Court appoint counsel upon class certification" in his motion, without putting forth any further evidence or argument that he meets either prong of the recruitment of counsel inquiry. (Doc. 135, p. 6). Clark, proceeding *pro se* (and without demonstrating that the Court

7

should exercise its sound discretion to recruit counsel for him), cannot meet Rule 23(g)'s class counsel requirements, nor Rule 23(a)'s adequacy of representation requirements. *See Howard*, **814 F.3d at 478–79 (district court generally acts within its discretion to deny class certification on the ground that a** *pro se* **litigant is not an adequate class representative)**.[1]

Because Clark has not established by a preponderance of the evidence that he can fairly and adequately protect the interests of the class his motion must be **DENIED**.

## Conclusion

For the above-stated reasons, Clark's objection to the report & recommendation (Doc. 181) is **OVERRULED**. The Court **ADOPTS** the report & recommendation in its entirety and **DENIES** the motion class certification and consolidation.

**IT IS SO ORDERED**.

DATED: March 27, 2019

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**

---

[1] The *Howard* court also noted that the "purpose of Rule 23(g) is not to enable *pro se* plaintiffs to obtain recruited counsel in conjunction with class certification." **Id. at 478**.