IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMON CLARK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-cv-1266-SMY-MAB ) |
| WEXFORD HEALTH SOURCES INC., VIPIN SHAH, VENERIO SANTOS, ARNEL GARCIA, LISA KREBS, DEBORAH S. ZELASKO, ROBERT MUELLER, SHERRY BENTON, and MICHAEL SCOTT, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mark A. Beatty (Doc. 189), recommending the undersigned grant the motions for summary judgment filed by Defendants Sherry Benton, Lisa Krebs, Robert Mueller, and Deborah Zelasko ("IDOC Defendants") (Doc. 145) and Defendants Michael Scott, Vipin Shah, Arnel Garcia, Venerio Santos, and Wexford Health Sources, Inc ("Wexford Defendants") (Doc. 149). Plaintiff filed a timely objection (Doc. 192). For the following reasons, Judge Beatty's Report and Recommendation is **ADOPTED**.

### Background

Plaintiff Ramon Clark brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, asserting alleged constitutional violations that occurred while he was confined at Pinckneyville

Correctional Center ("Pinckneyville"), Centralia Correctional Center ("Centralia"), and Robinson Correctional Center ("Robinson"). Specifically, Clark alleges the Wexford Defendants were deliberately indifferent to his testicular cyst in violation of the Eighth Amendment when they failed to properly diagnose and treat the cyst and associated pain. He also alleges the IDOC Defendants failed to ensure adequate medical treatment for his cyst in violation of the Eighth Amendment by denying his grievances which complained about the denial of adequate medical care for his cyst. The defendants moved for summary judgment.

In his Report, Judge Beatty concluded the defendants were not deliberately indifferent to Clark's serious medical needs. As to the IDOC Defendants, Judge Beatty found that they were entitled to reasonably rely on the medical professionals' determinations regarding Clark's course of treatment. Regarding the Wexford Defendants, he found that Clark received adequate medical treatment for his cyst. Judge Beatty therefore recommends that Defendants' motions be granted.

**Discussion**

Because a timely objection was filed, the undersigned must undertake a *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

For his objection, Clark contends the IDOC Defendants were deliberately indifferent to his serious medical needs by essentially turning a blind eye to his multiple grievances about his subpar

medical care, and that the Wexford Defendants were deliberately indifferent by pursuing an ineffective course of treatment for his testicular cyst.

"[I]ndividual liability under § 1983 … requires personal involvement in the alleged constitutional deprivation. A prison official is personally involved if he knows about the unconstitutional conduct and facilitates, approves, condones or deliberately turns a blind eye to it. *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006). Where an official learns from a prisoner's grievance or other correspondence that the prisoner is being deprived of a constitutional right, the failure to exercise his authority to investigate and/or address the situation may be sufficient to establish the official's personal involvement in the wrong. *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015). However, a nonmedical official may defer to the judgment of medical professionals so long as he did not ignore the plaintiff and had no reason to believe the plaintiff was not receiving adequate care. *McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2013); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

Here, the evidence is that between May 2016 and October 2016, Clark submitted several grievances related to the alleged negligent medical treatment he was receiving for his testicular pain and requesting an ultrasound to rule out cancer. Prior to the denials of the grievances, the IDOC Defendants consulted with the Health Care Unit which informed them that Clark had inflammation in the testicles and a benign cyst that was being monitored. None of Clark's treating physicians recommended another ultrasound because the cyst was benign, had not grown in size, and did not require an outside consultation. It is significant that Clark's primary complaint in his grievances was not about pain, but the denial of another ultrasound. Because Clark is not entitled to demand specific care (See, *Pyles v. Fahim*, 771 F.3d 403, 411 (7th Cir.

2014)), his objection is overruled as Judge Beatty's findings with respect to the IDOC Defendants.

Clark's deliberate indifference claim against the Wexford Defendants is premised on their purported failure to adequately address his testicular cyst and associated pain. It is well settled that "[a] prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment was "blatantly inappropriate." *Pyles*, 771 F.3d at 409; *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Here, a review of the medical records demonstrates that Clark's testicular cyst was monitored by each of the Wexford Defendants. He received multiple physical evaluations of the benign cyst, was prescribed pain medications, and received several ultrasounds to check for growth. Clark's disagreement with the treatment decisions he received cannot support a deliberate indifference claim. Thus, the Court agrees with Judge Beatty that the evidence, even when viewed in Clark's favor, warrants granting summary judgment for Defendants.

After thoroughly reviewing the record before it, the Court finds Judge Beatty's factual findings and analysis to be thorough and accurate and **ADOPTS** his Report and Recommendation (Doc. 189) in its entirety. Accordingly, Defendants' motions for summary judgment (Docs. 145 and 149) are **GRANTED** and Plaintiff's claims are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 18, 2019**

**STACI M. YANDLE**
**United States District Judge**